United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY J. HONG,<br><br>  Plaintiff,<br><br>v.<br><br>RIGHT MANAGEMENT CONSULTANTS, INC.,<br><br>  Defendant. | No. C-04-04011 PJH (EDL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF MARY JEAN HONG'S MOTION TO COMPEL DEFENDANT RIGHT MANAGEMENT CONSULTANTS, INC.'S FURTHER RESPONSES AND PRODUCTION OF DOCUMENTS, SET ONE** |

Plaintiff MARY JEAN HONG's ("Plaintiff") Motion to Compel Defendant RIGHT MANAGEMENT CONSULTANTS, INC.'s ("Defendant") Further Responses and Documents to Plaintiff's Request for Production of Documents, Set One, came on regularly for hearing before the Honorable Elizabeth D. Laporte on December 6, 2005 at 2:00 p.m. in Department E, Courtroom 15 of the above-entitled Court. Having considered the parties' briefs and oral argument, the Court enters the following Order:

1. Plaintiff's Motion to Compel is **GRANTED** with respect to the following matters:
   A. Personnel Files of James Greenway and Jay Klein
      (Plaintiff's Documents Requests Nos. 49 & 50)

The Court orders Defendant to produce to Plaintiff the entire contents of the personnel files of James Greenway and Jay Klein by the end of business on Friday, December 9, 2005, however, redacting any medical, tax and compensation information. The Court finds that the documents are discoverable, given that plaintiff has agreed that the personnel file materials can be redacted to exclude the medical, tax and compensation information of these individuals and confidential information contained therein is fully protected by the stipulated Protective Order of Confidential Information ("Protective Order"), previously entered by this Court.

The Court further orders that in the event Defendant withholds any information from these files based on attorney-client privilege or any other applicable privilege, Defendant will provide a detailed privilege log identifying this information in accordance with the requirements set forth in paragraph 5 of this Court's Order Re: Discovery Procedures. Subsequent to the hearing, Defendant informed Plaintiff that Defendant would provide a privilege log on all items redacted or withheld by Friday, December 16, 2005.

B.   <u>Withheld Pages of Jay Klein's Journal and Calendar</u>

Defendant is further ordered to produce all previously withheld pages from Jay Klein's journal and calendar for years 2002 through 2003[1] by the end of business on Tuesday, December 20, 2005. Defendant is permitted to redact from these pages, if necessary, Mr. Klein's personal information to the extent this information does not address any personnel, employment or work-related issue that may be deemed relevant to this action. Further, if any journal or calendar page is redacted on the grounds that it entails sensitive information about another employee that is not relevant to any claims or defenses asserted in this matter, Defendant shall provide a detailed privilege log in accordance with the requirements set forth in paragraph 5 of the Court's Order Re: Discovery Procedures to justify each redaction. Subsequent to the hearing on this matter, Defendant informed Plaintiff that Defendant would provide a privilege log on all items redacted or withheld by Friday, December 23, 2005.

2.   Plaintiff's motion to compel is **MOOT** with respect to the April 24, 2003 Document Withheld by Defendant Based On Attorney-Client Privilege and Work Product Doctrine. The Court determined that, absent further order of this court, the document identified in Defendant's privilege log entitled "Email from Jay Klein to Nancy Czajkowski, Jim Greenway and Ted Young regarding termination of Mary Jean Hong," dated April 24, 2003, would be subject to an *in camera* review. Defendant was ordered to provide written notification to this Court by the end of business on Thursday, December 8, 2005, as to whether it would agree to produce this document for judicial review or state it reasons why it objects to an *in camera* review. The Court ordered Plaintiff would have until the end of business on Friday, December 9, 2005, to submit a written reply to Defendant's brief.

---

[1] The responsive documents produced by Defendant thus far are identified as Bate-stamped numbers D000290-D000367.

2

Subsequent to the hearing, Defendant elected instead to produce the April 24, 2003 email to plaintiff contemporaneous with its production of the personnel files, without waiving expressly or impliedly any of its objections with regard to this email or waiving any assertions of attorney-client communications or attorney work product privilege.

3. Plaintiff's motion to compel is **DENIED** with respect to the first log entry on Defendant's privilege log.

**IT IS SO ORDERED.**

Dated: December 14, 2005

ELIZABETH D. LAPORTE
United States Magistrate Judge