IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY J. HONG, | No. C-04-04011 PJH (EDL) |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |
| v. | |
| RIGHT MANAGEMENT CONSULTANTS, INC., | |
| Defendant. | |

On January 27, 2006, the Court issued an Order Granting in Part and Denying in Part Defendant's Motion to Compel Subpoenas to Plaintiff's Treating Physicians and to Aon Corporation. In relevant part, the Court granted Defendant's motion with respect to the subpoena to Aon Corporation as to "(1) all documents regarding and reflecting all forms of compensation Plaintiff received from her employment at Aon, (2) documents reflecting the date of Plaintiff's termination from Aon Corporation, and (3) documents from Plaintiff's personnel file reflecting whether her layoff was voluntary or involuntary, and the reasons she was selected for layoff." Jan. 27, 2006 Order at 2:23-27. Defendant now seeks reconsideration of that Order, arguing that it is entitled to further production of documents, specifically, additional documents relating to her performance leading up to her termination from Aon.

The Court granted Defendant's motion to shorten time to hear the motion for reconsideration, and the matter was fully briefed on March 21, 2006. This matter is appropriate for decision without oral argument.

To be entitled to reconsideration, a party must show: (1) that there is a material difference in

United States District Court
For the Northern District of California

1  fact or law from that which was presented to the Court before entry of the order for which
2  reconsideration is sought; (2) the emergence of new material facts or a change of law occurring after
3  the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive
4  legal arguments that were presented to the Court before the entry of the order.  Civil L.R. 7-9(b).
5  Defendant failed even to cite this local rule or to make any attempt to show compliance with the
6  rule.  After reviewing Defendant's motion, the Court finds that it does not meet the standard for
7  reconsideration.
8         Defendant argues that reconsideration is necessary primarily because a document produced
9  in response to the Court's Order revealed that the reason for Plaintiff's termination from Aon was
10 "Unsatisfactory Performance," rather than merely a general layoff.  Def.'s Mot. at Ex. D.  At the
11 hearing, Plaintiff's counsel represented that Plaintiff was terminated as part of a layoff and did not
12 mention any unsatisfactory performance.  Herbert Decl. Ex. 3 at 12:1-6.  The Court is concerned that
13 this representation was potentially misleading, as Plaintiff's counsel was already in possession of the
14 document showing that she was terminated for unsatisfactory performance.  However, the basis for
15 the Court's ruling on the Aon subpoena was that Defendant was entitled to receive documents
16 showing whether Plaintiff's termination was voluntary or involuntary because such information
17 could potentially be relevant to the issue of mitigation of damages.  Herbert Decl. Ex. 3 at 10:11-15;
18 19:5-7; Jan. 27, 2006 Order at 2:25-27.   The Court specifically rejected Defendant's argument that
19 information about her performance after she left Defendant's employ was relevant.  Thus, although
20 the facts regarding the reason for Plaintiff's termination have changed somewhat, that change is not
21 material to the Court's decision; both termination for cause and a layoff are involuntary separations
22 from employment.  Cf. Sangster v. United Air Lines, 633 F.2d 864, 868 (9th Cir. 1980) (holding that
23 under Title VII, back pay is not available when the evidence shows a willful loss of earnings,
24 specifically, "failure to remain in the labor market, refusal to accept substantially equivalent
25 employment, failure diligently to search for alternative work, or voluntarily quitting alternative
26 employment without good reason."); Caudle v. Bristow Optical Co., Inc., 224 F.3d 1014, 1020 (9th
27 Cir. 2000) (holding that the plaintiff failed to show that her "diminished income after that date [of
28 her termination] was not 'voluntary' and was thus an injury for which she would need to be 'made

whole' . . . ). The Court is not persuaded by Defendant's citation to out-of-circuit authority on this issue. See Brady v. Thurston Motor Lines, Inc., 753 F.2d 1269, 1278-79 (4th Cir. 1985); EEOC v. Fargo Assembly Co., 142 F. Supp. 2d 1160, 1163 (D. N.D. 2000). Defendant has made no showing under Local Rule 7-9(b) as to why the Court should reconsider its ruling.

**IT IS SO ORDERED.**

Dated: March 24, 2006

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge