UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY J. HONG,

    Plaintiff,

    v.

RIGHT MANAGEMENT CONSULTANTS, INC.,

    Defendant.

_____/

No. C 04-4011 PJH

**FINAL PRETRIAL ORDER**

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order. The joint pretrial statement of the parties is incorporated herein except as modified by the court's ruling on the pretrial motions and objections.

I.    MOTIONS IN LIMINE AND OTHER MOTIONS

**Plaintiff:**

1) Motion to exclude evidence of plaintiff's job performance after she left Right Management, including evidence that plaintiff was terminated from subsequent employment for unsatisfactory performance is DENIED. However, the evidence is relevant only to mitigation of damages and not to plaintiff's qualifications and performance at Right. Counsel shall prepare a limiting instruction to that effect and submit it no later than **May 19, 2006**.

2) Motion to exclude evidence not identified in defendants' Rule 26 disclosures regarding plaintiff's generation of "new business" is DENIED without

1

prejudice. The court finds the motion is not ripe at this time, but may be renewed at trial if defendant proffers evidence not previously disclosed.

3) Motion to exclude expert testimony of James Missett is duplicative of plaintiff's motion discussed below in "Expert Motions."

4) Motion to exclude evidence regarding a sexual relationship between Maxfield and Butler is GRANTED, except that defendant may introduce such evidence for rebuttal purposes.

5) Motion to exclude witnesses from the courtroom is GRANTED.

6) Motion to allow evidence of James Greenway's known sexual improprieties with female subordinates is DENIED. Plaintiff seeks to introduce such evidence to establish Greenway's motive for failing to report her complaints to Right's human resources department and to commence an investigation into them. While these failures on Greenway's part may be relevant to the failure to prevent claim, his motive is not. Right contends that plaintiff did not make the complaints that she alleges she made, and that there was, therefore, nothing to report. Thus the contested issues will be whether her complaints were made and if they were, whether Greenway reported them to HR or otherwise took appropriate action. Proof of unrelated facts that may support an argument that he had a motive not to report them has little probative value on the issue of whether Klein engaged in discriminatory and harassing conduct which Right failed to prevent, and as such is outweighed by the prejudicial effect of such evidence. Additionally, a consensual sexual affair, engaged in by a company official, even if carried on in violation of company policy, is not probative of discrimination and harassment by a supervisor nor of the company's failure to prevent such discrimination or harassment. Moreover, the court has already found that plaintiff failed to exhaust claims regarding Greenway, as he is not alleged in her administrative charge to have been a discriminator, nor is his alleged misconduct set forth. To the extent that plaintiff is requesting reconsideration of this court's order granting

summary judgment, the court notes additionally that plaintiff has not complied with Civil L.R. 7-9, and it is denied for procedural defect as well as on the merits.

**Defendants:**

1) Motion to exclude evidence re: plaintiff's dismissed claims is GRANTED for the reasons stated above regarding plaintiff's motion in limine no. 6. Additionally, the court explicitly found in its summary judgment order that plaintiff failed to exhaust these allegations. Although the exhaustion argument was raised in the context of the harassment claim, because plaintiff failed to exhaust claims regarding Greenway and Pinola *at all*, the evidence may not be used in support of any of the state law claims.

2) Motion to exclude evidence regarding claims of race and age discrimination is GRANTED. This means that plaintiff may not pursue damages for age or race discrimination as such allegations do not appear as causes of action in the complaint. However, evidence of age-based differential treatment will be admitted if relevant to the harassment claim.

3) Motion to exclude evidence re: harassing or discriminatory conduct by Jay Klein directed towards others of which plaintiff was unaware when it occurred is DENIED.

4) Motion to exclude evidence re: unlawful discrimination against anyone other than plaintiff by anyone other than Jay Klein is GRANTED.

5) Motion to exclude evidence or testimony of hearsay statements is GRANTED. At issue here are complaints made by women to Maxfield about Klein. Maxfield will obviously be permitted to testify as to what he personally saw or heard, but may not testify as to what he was told by others. Plaintiff argues that these comments are not hearsay because they are not offered to prove the truth of the matter (for instance, that Klein's bear hug made Butler uncomfortable) but is instead being offered to prove Butler's state of mind when she reported it to Maxfield. Plaintiff doesn't explain what Butler's state

1 of mind was or why her state of mind--if other than "uncomfortable'"-- is
2 relevant.  The statements are indeed offered for their truth.  Plaintiff also
3 offers the hearsay statements to establish Maxfield's state of mind, which the
4 court finds irrelevant.  Moreover, the prejudice to the defendant -- the inability
5 to cross-examine any of the women who allegedly complained of sexual
6 harassment and discrimination to Maxfield – is great, and outweighs any
7 probative value that might exist.

8 6) Motion to exclude evidence regarding retaliatory motive is GRANTED to the
9 extent that plaintiff may not pursue a retaliation claim and the court, as noted
10 above, DENIES any motion to reconsider its summary judgment order.  The
11 motion is also GRANTED in so far as plaintiff may not introduce evidence
12 regarding retaliation against *Maxfield* because such evidence is not probative
13 of the remaining claims and would result in an undue consumption of time.
14 The motion is DENIED to the extent that plaintiff may reference the underlying
15 conduct itself as it pertains to *plaintiff* and *Klein*.  It is not clear from the
16 parties' papers what that underlying conduct includes, so this court cannot
17 rule on the specific instances of conduct at this time.   However, for example,
18 plaintiff may introduce evidence such as Klein's exclusion of her from
19 meetings and Klein's demeaning hand gestures.

**Expert Motions**

21 1) Plaintiff's motion to exclude expert psychiatric testimony of James R. Missett
22 and defendants' motion to exclude expert testimony of Rhoma Young are
23 GRANTED.  The court finds that neither experts' testimony will assist the jury
24 in understanding the evidence or in determining a fact in issue under Rule
25 702.  Moreover, both experts present a danger of unfair prejudice under Rule
26 403 because their testimony may be cloaked with "the aura of authority
27 experts often exude, . . . lead[ing the] jury to give more weight to their
28 testimony."  *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1064 (9th Cir. 2002).

2) Defendants' motion to exclude expert testimony of Thomas C. Thomas is DENIED. Defendant's objections by and large pertain to the weight to be afforded Thomas' testimony rather than its admissibility.

II. WITNESSES and EXHIBITS

Defendant shall provide a separate list of its proposed witnesses and exhibits no later than **May 19, 2006**.

III. VOIR DIRE

The parties' proposed questions will be incorporated into the court's voir dire to the extent relevant and not duplicative. Each party will be permitted 30 minutes time for followup questions. Eight jurors will be seated.

IV. JURY INSTRUCTIONS

The individually proffered jury instructions are unacceptable for the reasons stated at the conference. The parties shall meet and confer and resubmit jointly prepared jury instructions based primarily on the 9th Circuit Manual and on CACI instructions. The court anticipates that there will be no more than a dozen or so truly disputed instructions.

V. VERDICT FORMS

The individually proffered verdict forms are both unacceptable for the reasons stated at the conference. The parties shall meet and confer and submit a jointly prepared form no later than **May 19, 2006.** Absent agreement on the special interrogatories, the court will give a general verdict.

VI. TRIAL SCHEDULE AND TIME LIMITS

Trial will commence on Tuesday May 30, 2006 and be in session on Monday, Tuesday, Thursday and Friday for a total of 9 days, with the last day being devoted to any additional evidence and argument on punitive damages should there be a finding of fraud, oppression or malice. Trial hours are 8:30 a.m. to 1:30 p.m., with two fifteen minute breaks. Each side will be permitted 15 hours to present their case, excluding closing arguments. The trial date is firm unless a criminal case presents a conflict. The parties will

1  be advised as soon as possible about any such conflict, in which case the trial will be
2  rescheduled for August or September.
3         IT IS SO ORDERED.
4  Dated:  May 1, 2006

                                          _____
                                          PHYLLIS J. HAMILTON
                                          United States District Judge